J-S39011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AQUILLA D. LAURY | |
| Appellant | No. 1255 MDA 2015 |

Appeal from the Judgment of Sentence entered July 9, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0001155-2014

BEFORE:  STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 26, 2016**

Appellant, Aquilla D. Laury, appeals from the judgment of sentence the Court of Common Pleas of Lycoming County entered July 9, 2015.  Appellant challenges the discretionary aspects of his sentence.   Upon review, we affirm.

The trial court adequately summarized the underlying factual and procedural background of the instant matter.  **See** Trial Court Opinion, 12/23/15, at 1-2.  We, therefore, incorporate here the trial court decision by reference.   Briefly, following a vehicular stop, Appellant was found in possession, and subsequently charged with, one count of possession with intent to deliver heroin (PWID-heroin), one count of possession with intent

_____

* Retired Senior Judge assigned to the Superior Court.

to deliver cocaine (PWID-cocaine), two counts of possession of drug paraphernalia, one count of possession of heroin, and one count of possession of heroin. After a jury found Appellant guilty of all charges, the trial court sentenced him to an aggregate sentence of 5½ to 17 years of incarceration, consisting of 3 to 10 years for PWID-heroin, 1½ to 5 years for PWID-cocaine, and 6 months to 1 year for each conviction of possession of drug paraphernalia all of which were consecutive to each other.[1] Appellant timely filed a motion for reconsideration of the sentence based on some improper comments the trial court made at the time of sentencing.[2] After denying it, this appeal followed.

As noted, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues the sentencing court abused its discretion in imposing an excessive aggregate based on the court's improper comments.[3] The challenge is without merit.

_____

[1] The simple possession convictions were merged with the PWID convictions for sentencing purposes.

[2] According to Appellant, the following statement made by the court was improper because it was not a fact in the record, but merely a biased speculation: "You [Appellant] are engaged in the calculated business of killing people." Appellant's Brief at 19 (citation to the record omitted).

[3] In his brief, Appellant also argues that the sentencing court abused its discretion in not accepting as true Appellant's acceptance of responsibility. Because Appellant did not raise this issue in his motion for reconsideration, the sentencing court found the issue waived. We agree. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing
*(Footnote Continued Next Page)*

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). As this Court explained in *Allen*,

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Assuming, without deciding, Appellant met the first three requirements, we must determine whether Appellant has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). "An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in

*(Footnote Continued)* ─────────────

proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (citation omitted). Additionally, we note Appellant provided no statement on where and how he preserved this claim for our review, failing to comply with Pa.R.A.P. 2117(c), 2119(e). Finally, we note that questions of credibility are not for us to decide or reweigh. *See*, *e.g.*, *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012).

which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied,* 105 A.3d 736 (Pa. 2014) (internal citations and quotations omitted).  A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question.  ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010).   The imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied,* 75 A.3d 1281 (Pa. 2013).

Nevertheless, as this Court has explained:

> [A] defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (emphasis in original).

Here, Appellant argues the sentencing court based the sentence on "biased speculation that Appellant was engaged in "[`]the business of killing

- 4 -

people.[']"   Appellant's Brief at 16. A review of the record and the sentencing court's opinion do not support this allegation.   The sentencing court did not say Appellant killed someone while engaged in his business.   It merely stated Appellant is engaged in a line of business that may result in the death of his customers.   Whether this statement was based on evidence in the record is immaterial because there is no indication the court considered it for sentencing purposes.   Indeed, the sentence was fashioned, *inter alia*, based on Appellant's actual criminal conduct in the instant matter, as well as Appellant's extensive criminal career, not on speculation.   Additionally, Appellant fails to explain how the comment, as stated by the sentencing court, is improper.   Accordingly, we conclude Appellant failed to raise a substantial question for our review.

Even if we were to consider the merits of the contention, we would nonetheless find it without merit.   The sentencing court explained the comment as follows:

> [Appellant] has had multiple drug trafficking convictions over the last several years.  Undoubtedly, he is in the business of selling or distributing controlled substances.
>
> It is common knowledge that a natural and foreseeable consequence of [Appellant]'s conduct is the risk of death to his customers.  .  .  .   The court made these "business of killing people" comments with some oratorical flair to impress upon [Appellant] the gravity of his offenses.  There are people who are dying in our community from the way in which [Appellant] is making a living.

Trial Court Opinion, 12/23/15, at 6-7.

In light of the foregoing, we conclude Appellant failed to raise a substantial question for our review. Even if we were to conclude otherwise, upon review of the record and sentencing court's opinion, we would conclude the challenge has no merit for the reasons stated by the trial court. *Id.* at 3-7. We direct that a copy of the trial court's December 23, 2015 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judge Platt joins this memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH** | : **No. CP-41-CR-1155-2014** |
| | : |
| vs. | : **CRIMINAL DIVISION** |
| | : |
| | : |
| **AQUILLA LAURY,** | : |
| **Appellant** | : **1925(a) Opinion** |

### OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

This opinion is written in support of this court's judgment of sentence dated July 9, 2015. The relevant facts follow.

On July 1, 2014, police with the Lycoming County Narcotics Enforcement Unit were conducting surveillance in and around the 600 block of Second Street for illegal distribution and sales of narcotics. They observed a white male pull up in a white Dodge truck and park in the 700 block of Second Street. A few minutes later, they observed the appellant, Aquilla Laury, talking on a cell phone and walking from the 600 block of Second Street towards the truck parked in the 700 block. Laury walked up to the white truck and entered the front passenger seat. The truck pulled out onto the roadway and it traveled westbound.

The police checked the registration on the truck and realized that it lacked insurance. They followed it until it stopped and parked on Cottage Avenue in Old Lycoming Township. They made contact with the occupants. During the encounter, Laury stepped

1


SCANNED

behind a neighboring parked vehicle and initially was not cooperative with the officers request for Laury to raise or show his hands to them. When the police checked where Laury had been standing behind the neighboring vehicle, they discovered an unweathered clear distribution bag containing 78 bags of heroin and a clear knotted baggie containing 16 zip-lock bags of crack cocaine.

Laury was arrested and charged with possession with intent to deliver heroin (PWID-heroin), possession with intent to deliver cocaine (PWID-cocaine), two counts of possession of drug paraphernalia, possession of heroin, and possession of cocaine.

Following a jury trial, Laury was convicted of all the charges.

On July 9, 2015, the court imposed an aggregate sentence of 5 ½ to 17 years of incarceration in a state correctional institution, consisting of 3 to 10 years for PWID-heroin, 1½ to 5 years for PWID-cocaine, and 6 months to 1 year for each conviction of possession of drug paraphernalia all of which were consecutive to each other.[1]

On July 14, 2015, Laury filed a motion for reconsideration of sentence in which he asserted that this sentence was unduly excessive and the court's reasoning for aggravating his sentence based on the fact he was "in the business of killing people" was improper. Accordingly, he requested a reduction of the minimum portion of his sentence. On July 20, 2015, the court summarily denied Laury's reconsideration motion.

Laury filed a timely notice of appeal. The sole issue he asserts on appeal is that the court abused its discretion when it sentenced him to an unduly harsh sentence based upon the court's speculation that he was engaged in the calculated business of killing people

and the court's refusal to recognize his acceptance of responsibility.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012), *quoting Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.'" *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 961 (2007), quoting *Commonwealth v. Smith*, 543 Pa 566, 673 A.2d 893, 895 (1996).

When imposing a sentence, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. §9721(b); *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). The court considered each of these factors, as well as a Pre-Sentence Investigation (PSI) report before imposing the aggregate sentence of 5 ½ to 17 years of incarceration in this case.

According to the PSI, Laury was a 39 year old who dropped out of school in the twelfth grade "to run the streets." He had a normal upbringing, and he did not have any mental health issues or problems with drugs, alcohol, or assaultive behavior. What he did was the result of his choices and not anything else.

Laury had a significant criminal record. He had eight arrests and six convictions. His prior record score was capped at a five, and included the following:

---

[1] The simple possession charges merged with the PWID charges for sentencing purposes.

3

- a conviction for robbery, a felony of the first degree, for which he was sentenced to a term of 4 to 10 years of incarceration in a state correctional institution on February 4, 1997 (see CP-59-CR-1004801-1996);

- a conviction for possession of a controlled substance, an ungraded misdemeanor, for which he was sentenced to one year of probation on July 18, 1997 (see CP-46-CR-0004369-1996);

- a conviction for manufacturing, delivering or possessing with the intent to deliver controlled substances, an ungraded felony, for which he was sentenced to 4 years of probation on November 30, 2010 (see CP-51-CR-0012808-2010); and

- another conviction for manufacturing, delivering or possessing with intent to deliver controlled substances, an ungraded felony, for which he was sentenced to 18 to 36 months of incarceration in a state correctional institution on February 4, 2011 (see CP-49-CR-0001024-2009).

There was not much time over the past twenty years where Laury was not either incarcerated or under probation or parole supervision. In fact, when he committed the current offenses, he was on probation supervision in Philadelphia County for one of his prior felony drug convictions. Clearly, he had several prior opportunities for rehabilitation and yet he continued to commit felony drug offenses. At the time of his sentencing in this case, Laury was to be sentenced not only on this case, but also another case in which he tendered a

4

guilty plea. The court, however, was unwilling to abide by the terms of the parties' plea agreement.

Due to his prior drug trafficking convictions, the maximum penalties for PWID-heroin and PWID-cocaine were 30 years/$500,000 fine and 20 years/$200,000 fine, respectively. 35 P.S. §780-113(f); 35 P.S. §780-115. The court imposed maximum sentences that were one-third and one-fourth of the highest amount of incarceration that could have been imposed.

The sentencing guideline ranges for Laury's convictions were as set forth in the following table.

| Offense | Mitigated Range | Standard Range | Aggravated Range |
|---|---|---|---|
| PWID–heroin | 18-24 | 24-30 | 30-36 |
| PWID-cocaine | 9-12 | 12-18 | 18-22 |
| Possession of paraphernalia | ~ | RS-6 | 6-9 |

Pursuant to *Commonwealth v. Warren*, 84 A.3d 1092 (Pa. Super. 2014), the court had the discretion to double the sentencing guidelines provided it stated reasons for such a sentence on the record, but it did not exercise that discretion.

The minimum sentence imposed for PWID-heroin was at the top of the aggravated range; the other sentences were at the bottom of the aggravated range. The

5

circumstances of this case which justified a sentence in the aggravated range were the fact that Laury was on probation for a drug trafficking offense at the time he committed these offenses, he was engaged in the calculated business of selling controlled substances, his lack of remorse or acceptance of responsibility, his previous opportunities for rehabilitation, and the criminal penalties that were imposed that failed to have any impact on Laury's repeated and continuous criminal conduct.

Laury contends that his sentence was unduly harsh because it was based on the court's speculation that he was in the business of killing people. The court's statements that Laury was in the "business of killing people" were not based on speculation, but Laury's prior criminal history and the known dangers of drugs such as heroin.

Laury has had multiple drug trafficking convictions over the last several years. Undoubtedly, he is in the business of selling or distributing controlled substances.

It is common knowledge that a natural and foreseeable consequence of Laury's conduct is the risk of death to his customers. As the Superior Court aptly noted:

> [I]t is certain that frequently harm will occur to the buyer if one sells heroin. Not only is it criminalized because of the great risk of harm, but in this day and age, everyone realizes the dangers of heroin use. It cannot be said that [an unauthorized heroin provider] should have been surprised when [a buyer] suffered an overdose and died. While not every sale of heroin results in an overdose and death, many do.

*Commonwealth v. Kakhankham*, 2015 Pa. Super. LEXIS 710, *18-19 (Pa. Super. 10/28/2015)(quoting *Minn. Fire and Cas. Co. v. Greenfield*, 805 A.2d 622, 624 (Pa. Super. 2002), *aff'd*, 855 A.2d 854 (Pa. 2004)).

The court made these "business of killing people" comments with some

6

oratorical flair to impress upon Laury the gravity of his offenses. There are people who are dying in our community from the way in which Laury is making a living.

Furthermore, contrary to Laury's assertions, he did not accept responsibility for his conduct or show any remorse. He also did not preserve this issue in his motion for reconsideration.

Although defense counsel made a statement that Laury was accepting the jury's verdict, such is not the same as Laury accepting responsibility for his conduct or expressing remorse. While he may be resigned to the fact that it would be very difficult to overturn his conviction and any sentence he receives is a cost of doing business, such does not instill in the court any confidence that Laury understands the gravity of his crimes or that he will cease to commit them in the future.

The court did not impose a lengthy sentence out of bias, prejudice or ill-will against Laury. It imposed such a sentence because nothing else keeps Laury from trafficking in controlled substances. Such activity presents a clear and present danger to our community. Thus, the only way to adequately protect the public was to impose a sentence that would keep Laury out of the community for a significant period of time.

DATE: 12-23-15

By The Court,

Marc F. Lovecchio, Judge

cc:    Nicole Ippolito, Esquire (ADA)
       Joshua Bower, Esquire (APD)
       Work file
       Gary Weber, Esquire (Lycoming Reporter)

7

Superior Court (original & 1)

8